**Elections-Challengers**: Challengers do not have any role or authority within the ballot-board process.



(cr ref 183)

October 16, 2020

Bibi Black
Office of the Secretary of State
180 State Office Building, 100 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

**Re:    Request for Opinion Concerning Challengers in Ballot Board Proceedings**

Dear Ms. Black:

I thank you for your October 5, 2020 letter requesting an opinion regarding an issue pertaining to Minnesota election statutes.

## BACKGROUND

You note that Minnesotans are voting via absentee ballot in greater numbers in the 2020 election cycle than in previous cycles. You indicate that the question has arisen whether Minnesota law allows individuals to participate in the meetings of county and municipal ballot boards in a capacity that is analogous to polling-place challengers.

## QUESTION

You request an opinion regarding whether challengers are allowed to participate in the meetings of absentee ballot boards and, if they are, what state law authorizes them to do.

## LEGAL ANALYSIS

We answer your question in the negative. The duties and powers of ballot boards are defined by two sections in Minn. Stat. ch. 203B. *See* Minn. Stat. §§ 203B.121 (describing ballot-board authority and process pertaining to standard absentee balloting), .23 (describing ballot-board authority and process pertaining to military and overseas absentee balloting). Meanwhile, as you note, only a small number of provisions within the state's election statutes regulate challengers. Specifically:

- Minn. Stat. § 204C.07 authorizes particular political parties, candidates, and campaigns to appoint individual voters "to act as challengers of voters at the polling place in each precinct." *Id.* § 204C.07, subds. 1-3. The statute also regulates the qualifications and conduct of these polling-place challengers. *Id.*, subds. 3a-5.

- Minn. Stat. § 204C.12 defines an interrogation process that election judges, challengers, and other individuals may initiate within a polling place to challenge the eligibility of a person who is attempting to vote. *Id.* § 204C.12, subds. 1-4.

- Minn. Stat. § 204C.13 regulates eligibility challenges to individual voters when they are made in polling places "[a]t any time before the ballots of any voter are deposited in the ballot boxes, [by] the election judges or any individual who was not present at the time the voter procured the ballots, but not otherwise." *Id.* § 204C.13, subd. 6. The statute explicitly contemplates challenges being made to the eligibility of individual voters who are not present in the polling place because they voted by absentee ballot. *Id.* Under the process described in the statute, a ballot cast by any voter who is not in the polling place when he or she is challenged must be received or rejected according to the standards that state law provides for reviewing absentee ballots. *Id.* § 204C.13, subd. 6 (requiring election judges deciding "whether to deposit received absentee ballots in the ballot boxes" to apply the standards provided by Minn. Stat. §§ 203B.121 and .24 for review of absentee ballots).

- Finally, Minn. Stat. § 201.195 authorizes a registered voter to challenge the eligibility of another voter registered in the same Minnesota county by initiating a contested case hearing before the county auditor or his or her designee. *Id.* § 201.195, subd. 1. The challenged voter may appeal an adverse decision of the county auditor to the Secretary of State. *Id.*, subd. 2.

I am not aware of any Minnesota statute other than the four listed above that grants authority to challengers or regulates their activities.

Notably, none of the above statutes explicitly or implicitly contemplate a challenger being present at, taking part in, or stating a challenge during a ballot-board meeting. Instead, three of the statutes above explicitly apply solely to activities conducted within polling places. *See id.* §§ 204C.07, .12, 13. No Minnesota law states or implies that a ballot-board meeting is a polling place. *See id.* § 200.02, subd. 12 (defining "[p]olling place" as "the place of voting"). The fourth statute above, meanwhile, creates an administrative remedy that has no specific connection to any other election proceeding. *See id.* § 201.195.

By the same token, I am not aware of any Minnesota statute pertaining to ballot boards or their activities that contains any reference to eligibility challenges or to individuals authorized to make them. *See, e.g.*, Minn. Stat. §§ 203B.121, .23.

Bibi Black
October 16, 2020
Page 3


Finally, the Minnesota Supreme Court has held that state law does not grant anyone the right to challenge the decisions of a ballot board. *In re Contest of Gen. Election Held on Nov. 4, 2008, for Purpose of Electing a U.S. Senator from State of Minn.*, 767 N.W.2d 453, 468 n.19 (Minn. 2009). The court based this conclusion on the time limitations quoted above from Minn. Stat. § 204C.13, subd. 6. *Id.* Under the court's ruling, the polling-place procedure described in section 204C.13, subdivision 6, provides the only opportunity to challenge the acceptance of an absentee ballot. *Id.*

In light of the above, it is this Office's opinion that challengers do not have any role or authority within the ballot-board process.

I thank you again for your correspondence.

Sincerely,


/s/ **Nathan J. Hartshorn**
NATHAN J. HARTSHORN
Assistant Attorney General
(651) 757-1252


|#4818099